IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Gallishaw, Jr., a/k/a Jimmy Maurice Gallishaw, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> R.J. Reynolds Tobacco Company, Inc., Brown & Williamson Tobacco Corporation, and Lorillard Tobacco Company, <br><br> Defendants. | Case No.: 4:22-cv-01997-JD-MHC <br><br><br> **OPINION & ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Molly H. Cherry ("Report and Recommendation" or "Report") (DE 48), made under 28 U.S.C. § 636(b)(1)(A)-(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Jimmy Gallishaw, Jr., a/k/a Jimmy Maurice Gallishaw, Jr. ("Gallishaw" or "Plaintiff"), proceeding *pro se*, has sued R.J. Reynolds Tobacco Company, Inc., Brown & Williamson Tobacco Corporation, and Lorillard Tobacco Company (collectively, "Defendants") alleging several state law claims. Plaintiff's lawsuit "identif[ies] his claims as Intentional Fraud, [I]ntentional Fraudulent Misrepresentation, Intentional Fraudulent of Inducement, [and] Civil Conspiracy to Commit Fraud, Concealment[,] and Misrepresentation." (DE 40, p. 4, 42–54.) He alleges that his damages have included, among other things, non-economic damages, various respiratory issues, headaches, and "being medically prescribed" various medications. (See id. at 6.) Plaintiff seeks

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

monetary damages from each Defendant in the amount of $100,000,000.00 for these alleged injuries, along with punitive damages. (Id. at 6, 55–56.)

Defendants move to dismiss under Rule 12(b)(6), Fed. R. Civ. P., (DE 43) on all of Plaintiff's claims. Under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the motion to dismiss and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 44, 45.) Thereafter, Plaintiff filed a Response (DE 46), and Defendants filed a Reply (DE 47). On November 30, 2023, the Magistrate Judge issued the Report (DE 48), recommending that Defendants' Motion to Dismiss (DE 43) be granted and the Amended Complaint be dismissed in its entirety against Defendants. The Court adopts the Report and Recommendation as provided here for the reasons stated below.

## BACKGROUND

The Report and Recommendation set forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. In any event, the Court provides this summary as a brief background relating to the objections raised by Plaintiff.

In his Amended Complaint, Plaintiff alleges that he started smoking at the age of sixteen in 1993. (DE 40, p. 5.) He further alleges that before he started smoking, he "witnessed, observed, heard and read publications of the Tobacco Industry Corporations' history regarding denying facts that[] smoking cigarettes does not cause[] any adverse health consequences, thru major and local Newspapers." (Id. at 5.) Throughout the Amended Complaint, Plaintiff repeats several statements allegedly made by a variety of cigarette manufacturers about the health risks of smoking, and he alleges that he relied upon these statements in deciding to smoke. (See id. at 9, 42–54.) He further alleges that Defendants made numerous false statements between 1950 and the early 2000s through a variety of media concerning the health risks of smoking. (See id.)

Plaintiff alleges that in May 1988, he heard about Lorillard Tobacco Company's disagreement with the U.S. Department of Health and Human Services Surgeon General's 1988 Report, which found that there was a public consensus in the scientific and public health community that cigarette smoking and nicotine are addictive. (Id. at 24–25.) Nonetheless, Plaintiff alleges that he was unaware of the health risks of smoking until April 2022, after seeing television news coverage of a potential ban on menthol cigarettes. (See id. at 5, 41) (alleging that Defendants' advertisements and statements concealed and denied that cigarette smoking causes lung cancer and other related diseases and that Plaintiff had been unaware of the link between cigarette smoking and disease).) Plaintiff alleges that had he known the truth, he would not have purchased and smoked Defendants' menthol-filtered cigarette brands, and he would not have suffered respiratory infections, chronic coughing, or shortness of breath. (See id. at 36–37.)

## DISCUSSION

Plaintiff objects to the Report (along with responses to Defendants' motion to dismiss), arguing that (1) he has provided enough plausible specificity to his fraud claims, (2) that the dangers of cigarettes were not generally known by 1988, and (3) that he did not make conclusory allegations. (DE 54.) However, objections to a report and recommendation must be specific to be actionable. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute.*'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the

3

absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff's objections fail to address the deficiencies in his fraud-based claims. To begin with, the Report ably and comprehensively outlines the pleading standard for fraud. As correctly noted in the Report, Federal Rule of Civil Procedure 9(b) requires a heightened pleading standard for claims based on fraud. Pursuant to this Rule, a party must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, a plaintiff must plead with particularity the time, place, and contents of the false representations, the identity of the person making the misrepresentations, and what that person obtained. See <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999). A court should dismiss claims under Rule 9(b) unless the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which it will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts. See <u>Harrison</u>, 176 F.3d at 784. This Court agrees with the Report, which states:

> Plaintiff fails to allege with particularity his ignorance of the truth of, or justifiable reliance on, the allegedly false advertisements or statements regarding the health risks associated with tobacco use, and his allegation that he was ignorant to the dangers of smoking cigarettes until 2022 seems implausible. Courts have long recognized that smoking was generally known to be dangerous by no later than 1988, five years before Plaintiff started smoking. See <u>Little v. Brown & Williamson Tobacco Corp.</u>, 243 F. Supp. 2d 480, 494 (D.S.C. 2001) ("The court concludes that by 1988 all the risks associated with cigarette smoking were known to the ordinary consumer with ordinary knowledge common to the community.")

(DE 48, p. 8.) Further, Plaintiff has not identified in his objection where his allegations are more than conclusory. As noted in the Report, "[Plaintiff] does not allege with particularity how he became aware of or relied upon certain statements made in the 1950s to the early 1980s, prior to or within a few years of his birth in 1977." (<u>Id.</u> at 9.) Although Plaintiff's objections to the Report

4

focus more on responding to arguments made by Defendants in support of their motion to dismiss, even considering these arguments, they do not overcome the deficiencies in his pleadings. And so, Plaintiff's objections are overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report and Recommendation and incorporates it here.

Therefore, it is **ORDERED** that the Defendants' Motion to Dismiss (DE 43) is granted, and Plaintiff's case is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 12, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.